A determination of the third issue necessitates a valuation of the assets received by the Barnes Coal & Mining Co. in exchange for its stock. There was no weakness in the evidence offered as to the value of the assets acquired, and we have found as facts the values which were proven, except that, while the evidence shows the existence and transfer to the petitioner of the claim against the railroad of $5,162.34 and its subsequent payment, there was no evidence of its actual value on the day of acquisition, and we are not convinced that such a claim was worth its full face value. The evidence does clearly indicate that it had a substantial value and we have fixed it at $5,000.

## Appeal of ANNIE L. DEAN.

Docket No. 1552.   Submitted December 12, 1925.   Decided February 19, 1926.

*Phil D. Morelock* and *Dudley Doolittle, Esqs.*, for the taxpayer.
*Briggs G. Simpich, Esq.*, for the Commissioner.

Before Sternhagen, Lansdon, and Arundell.

This is an appeal from the determination of a deficiency in income tax for the year 1923 in the amount of $216.80, of which $119.42 is in controversy. The sole issue is whether depreciation and obsolescence on certain buildings owned by the taxpayer shall be computed for income-tax purposes on a straight-line basis at 5 per cent per annum, as contended by the taxpayer, or at 2½ per cent per annum as asserted by the Commissioner. There is no dispute as to the basis upon which depreciation and obsolescence shall be computed.

### FINDINGS OF FACT.

The taxpayer is an individual, residing in Kansas City, Mo., and is the owner of four parcels of improved land located in that city, which will be referred to hereinafter as properties Nos. 1, 2, 3, and 4, respectively.

*Property No. 1*, located at 1105-7 McGee Street, in 1923 was improved with a two-story and basement store building, constructed of brick and wood with some steel beams and an ornamental terracotta front. This location is within the downtown business district and less than three squares from the Federal Reserve Bank Building. At March 1, 1913, it had a remaining useful life of 25 years and a value of $27,842.53.

*Property No. 2* is located at 1328 McGee Street, and is within the downtown business district. In 1923 it was improved with an

old two-story dwelling, which was remodeled and reconstructed for business uses in 1910 or 1911 at a cost of $10,990.53. It is only on the cost of reconstruction that the taxpayer has taken a deduction in her income-tax returns for depreciation. The value of the depreciable assets on this property at March 1, 1913, was $9,900.53, and the improvements had a remaining useful life of 15 years.

*Property No. 3*, located within the downtown business district, at 1332–1334 McGee Street, in 1923 was improved with seven one-story business buildings, cheaply constructed of soft, second-hand brick and wood, with tarred paper and gravel roofs and concrete floors of the type commonly referred to among real estate men as "taxpayers." If not demolished to make room for structures suitable to the business needs of the locality, these buildings had a remaining useful life of 20 years and a value of $8,300 at March 1, 1913.

*Property No. 4*, located at Eighteenth and Holmes Streets, in 1923 was improved with a two-story and basement building of brick and wood construction. The basement and a part of the first floor were occupied by a laundry for many years. The vibration of machinery and the effect of the steam incidental to the operation of the laundry damaged the walls and woodwork of this building to such an extent that it was necessary to shore up the walls and make very substantial repairs to fit it for the use of other tenants after the laundry moved out. Taxpayer paid $60,000 for this property in 1918. The depreciable assets thereon then had a remaining useful life of 20 years and a value of $32,327.05.

### DECISION.

The deficiency should be computed in conformity with the foregoing findings of fact. Final determination will be made on 15 days' notice, under Rule 50.

---

## APPEAL OF ETTENSON WINNIG DRY GOODS CO.

Docket No. 362.    Submitted November 4, 1925.    Decided February 19, 1926.

> Upon the evidence, *held*, that the Excelsior Springs Mineral Water & Bottling Co., a subsidiary of the Ettenson Winnig Dry Goods Co., sustained a net loss for the calendar year 1918, and the net income of the consolidated group for the fiscal year under consideration should be determined with due regard to such loss.

*P. W. Shrader*, *Esq.*, for the taxpayer.
*A. H. Fast*, *Esq.*, for the Commissioner.